[Civ. No. 52863. Second Dist., Div. Four. Sept. 20, 1978.]

NORIKO FUJIMOTO, Plaintiff and Respondent, v.
WESTERN PIONEER INSURANCE COMPANY,
Defendant and Appellant.

## COUNSEL

Stockdale, Peckham, Estes, Ramsey, Lawler & Iorillo and J. H. Peckham for Defendant and Appellant.

George E. Maruya for Plaintiff and Respondent.

## OPINION

**ALARCON, J.**—In this declaratory relief action, defendant Western Pioneer Insurance Company appeals from a judgment determining that a policy of automobile liability insurance issued by defendant was in force on June 23, 1976, when plaintiff Noriko Fujimoto, an insured under the policy, struck and injured a pedestrian while driving an automobile covered by the policy. We reverse the judgment.

In her complaint, plaintiff alleged: Since before 1957, Hisashi Fujimoto, plaintiff's husband, has been covered by automobile insurance issued by defendant. In recent years, such insurance was written for successive policy periods of six months each, and the premiums therefor were payable at six-month intervals. As Hisashi's wife residing in the same household with him, plaintiff was an insured under the policy. By the terms of the policy, defendant agreed to pay on behalf of the insureds all

sums which either of them became legally obligated to pay as damages for bodily injury arising out of the use of an automobile owned by them. The policy was in effect on June 23, 1976, when plaintiff struck and injured a pedestrian while driving an automobile owned by plaintiff and her husband. As a result of the accident, an action was filed against plaintiff seeking damages for injuries allegedly sustained by the pedestrian. Plaintiff notified defendant of the accident, and has fully complied with all terms of the policy, but defendant denies that the policy was in force at the time of the accident. An actual controversy exists between the parties in that plaintiff contends the policy was in force on June 23, 1976, when the accident occurred, and that she therefore was insured against its consequences, whereas defendant contends the policy terminated prior to June 23 because of plaintiff's failure to pay, before June 21, 1976, the premium for the policy period commencing on that date. The complaint concluded with a prayer that the court determine the rights and duties of the respective parties under the policy with respect to the accident of June 23, 1976.[1]

In its answer, defendant alleged: it issued an automobile liability insurance policy to Hisashi Fujimoto for the period December 21, 1975, to June 21, 1976; plaintiff failed to pay the required continuation premium on or before the effective date of the successive policy period; consequently, the policy by its terms expired on June 21, 1976. Defendant admitted the existence of the controversy as alleged in the complaint, and joined in plaintiff's request for declaratory relief.

At the nonjury trial, evidence was presented which showed: Defendant issued to Mr. Fujimoto and plaintiff, as the named insureds, a policy of insurance entitled "Family Combination Automobile Policy," which included coverage for bodily injury liability. The policy was issued on June 21, 1972. According to the "Declarations page" accompanying the policy, it initially was issued for a period of six months (from June 21, 1972, to Dec. 21, 1972), and "subject to the consent of the company [defendant], for successive policy periods as provided in Condition 1" of the policy. That condition provided, in pertinent part: "1. Policy Period . . . Subject to the consent of the company, this policy may be continued in force for successive policy periods by payment of the required

---

[1] The complaint contained two causes of action. The first (declaratory relief) is summarized above. The second (breach of contract) sought damages for defendant's alleged refusal to defend the action filed against plaintiff as a result of the accident. The trial court made no findings of fact regarding the second cause of action, and the judgment does not mention it. On this appeal, both parties ignore such omission. Accordingly, we will do likewise.

continuation premium to the company on or before the effective date of each successive policy period. If such premium is not paid when due, the policy shall terminate as of that date and such date shall be the end of the policy period. . . . The initial and each successive policy period shall be the number of months stated in the declarations. Each policy period shall begin and end at 12:01 A.M. standard time at the address of the named insured." Following its issuance, the policy was continued for successive six-month periods, the latest period being from December 21, 1975, to June 21, 1976.

On May 20, 1976, defendant mailed to Mr. Fujimoto a "Premium Notice." The upper righthand corner of the notice contained the following information: the policy number, a term of six months, and a due date of June 21, 1976. The body of the notice set forth the coverages of the policy, the premiums due for the respective coverages, and a total premium payable of $215. In the lower righthand corner of the notice, the following information appeared: "Important Notice. Upon receipt of payment you will receive a continuation certificate of your policy for an additional period as indicated above. Payment must be received by the company before the due date indicated above. In the event payment is not received by this date, your policy becomes null and void in accordance with Condition 1 of the policy insuring agreements."[2] On June 11, 1976, defendant sent Mr. Fujimoto a "Reminder Notice," which contained the same information as set forth in the Premium Notice. Both the Premium Notice and the Reminder Notice arrived at the Fujimoto residence two or three days after the respective dates they were mailed.

On May 27, 1976, Mr. Fujimoto became ill and was hospitalized; he remained in the hospital until his death on July 3, 1976. In response to the Premium Notice and the Reminder Notice, plaintiff, on June 22, 1976, wrote a check for $215 in payment of the premium, enclosed the check in an envelope addressed to defendant at its office in Oakland, California, and deposited the envelope in a mailbox in Los Angeles at about 3 o'clock in the afternoon. Defendant received the check on June 25, 1976, and issued to the Fujimotos a declarations page insuring them for a six-month period commencing June 25, 1976. Meanwhile, on June 23, 1976, plaintiff, while driving an automobile covered by the policy, struck and injured a two-year-old pedestrian. ■■ ■■■ On the same day, plaintiff notified Kay Iwasaki, the wife of her insurance agent, of the

---

[2]The Premium Notice is printed on a piece of paper 4¼ by 8¾ inches. The "Important Notice" in the lower righthand corner occupies a space approximately ⅞ by 4 inches.

accident.[3] (The policy introduced as plaintiff's exhibit No. 1 identifies Frank M. Iwasaki as the "authorized representative" of the Western Pioneer Insurance Company.) Thereafter, the pedestrian brought an action against plaintiff seeking damages for personal injuries.

Among the trial court's findings of fact were the following: The Premium Notice and the Reminder Notice which defendant sent to Mr. Fujimoto were not offers to renew the policy within the meaning of Insurance Code section 663, nor did they constitute notices of cancellation, expiration or nonrenewal of the policy. From these findings, the court determined, as conclusions of law, that the policy was in effect on June 23, 1976, and that plaintiff was insured by defendant against liability arising out of the accident which occurred on that date. Judgment was entered accordingly.

Insurance Code section 663 requires an insurer to offer renewal of an automobile liability policy, contingent upon payment of the premium as stated in the offer, unless the insurer has given the insured notice of nonrenewal, expiration or cancellation of the policy at least 20 days prior to expiration of the policy period.[4] Defendant does not claim that it gave the Fujimotos either a notice of cancellation or a notice of nonrenewal of

[3]Plaintiff did not allege in the complaint that the acceptance of the premium payment after knowledge of the accident constituted a waiver of the condition in the Premium Notice that if a premium is not paid when due the policy shall terminate as of that date. Nor did plaintiff amend the complaint to conform to proof as occurred in *Peterson* v. *Allstate Ins. Co.* (1958) 164 Cal.App.2d 517 [330 P.2d 843], cited to us by plaintiff in oral argument. Waiver was not relied upon as theory of liability at trial or in the briefs before this court. An insured may not rely upon a waiver of a condition in an insurance policy unless such waiver is pleaded. (*Cohen* v. *Metropolitan Life Ins. Co.* (1939) 32 Cal.App.2d 337, 347 [89 P.2d 732].) The failure to plead waiver precludes this court from considering the applicability, under these facts, of the principle, accepted in other jurisdictions, that the acceptance of a past due premium with knowledge that a loss was sustained during the period of default constitutes a waiver and restores the policy to its full effect, without interruption, from the beginning of the renewal period and not from the date of receipt of the payment. (See 6 Couch on Insurance (2d ed. 1961) § 32:346, pp. 570-571; 43 Am.Jur.2d Insurance, § 1129, pp. 1051-1053; Annot. 7 A.L.R.3d 414, § 5[a], pp. 430-433; *Peterson* v. *Allstate Ins. Co., supra*, pp. 521-522.)

[4]Insurance Code section 663 provides: "An insurer shall offer renewal of a policy, contingent upon payment of premium as stated in the offer, to an insured unless the insurer mails or delivers to the named insured, at the address shown in the policy, at least 20 days advance notice of nonrenewal. Such notice shall contain or be accompanied by a statement that upon written request by the named insured, made not later than one month following the expiration of the policy period, or delivered to the insurer, the insurer will notify the insured in writing, within 20 days of his request, the reason or reasons for such nonrenewal. Notwithstanding the failure of an insurer to comply with this section, the policy shall terminate on the effective date of any other replacement or succeeding automobile insurance policy procured by the insured, or his agent or broker, with respect to any automobile designated in both policies. The insurer shall not be required to notify the named insured, or any other insured, of nonrenewal of the policy if

their policy.[5] It is defendant's contention that the Premium Notice and the Reminder Notice which it sent to Mr. Fujimoto constituted an offer of renewal and a notice that the policy would expire if the offer were not accepted.[6]

" 'Renewal' or 'to renew' means to continue coverage for an additional policy period upon expiration of the current policy period of a policy." (Ins. Code, § 660, subd. (e).) The Premium Notice, after indicating a term of six months, a due date of June 21, 1976, and a total premium of $215, stated in part: "Upon receipt of payment you will receive a continuation certificate of your policy for an additional period as indicated above. Payment must be received by the company before the due date indicated above." This language constituted an offer of "renewal," as that term is defined in section 660. Plaintiff argues that the Premium Notice did not constitute an offer of renewal because it did not contain the words "offer," "renewal" or "renew." The lack of such terms is not significant. The notice informed the Fujimotos, in effect, that defendant would continue their policy for an additional six-month period if they paid the premium before June 21, 1976. We are aware of the rule that in doubtful cases, the law favors the insured over the insurer, and that if the insurer uses language which is uncertain any reasonable doubt will be resolved against it. (*Holz Rubber Co., Inc.* v. *American Star Ins. Co.* (1975) 14 Cal.3d 45, 59-60 [120 Cal.Rptr. 415, 533 P.2d 1055, 79 A.L.R.3d 518]; *State Farm Mut. Auto. Ins. Co.* v. *Elkins* (1975) 52 Cal.App.3d 534, 538 [125 Cal.Rptr. 139].) This does not mean, however, that courts are authorized to put a strained and unnatural construction on language used by the insurer in order to create uncertainty or ambiguity in such language. (*McMillan* v. *State Farm Ins. Co.* (1962) 211 Cal.App.2d 58, 62-63 [27 Cal.Rptr. 125].) Only a strained and unnatural construction of the Premium Notice would justify the conclusion that it did not contain an offer to renew the Fujimotos' policy.

Plaintiff contends that the offer to renew was invalid because it required payment of the renewal premium before commencement of the

---

the insurer has mailed or delivered a notice of expiration or cancellation, on or prior to the 20th day preceding expiration of the policy period."

[5]Insurance Code section 660 defines "cancellation" and "nonrenewal" as follows: "(g) 'Cancellation' means termination of coverage by an insurer (other than termination at the request of the insured) during a policy period. [¶] (h) 'Nonrenewal' means a notice by the insurer to the named insured that the insurer is unwilling to renew a policy."

[6]The Reminder Notice was mailed by defendant to Mr. Fujimoto on June 11, 1976, which was only nine days prior to expiration of the policy period. Accordingly, under section 663, the Reminder Notice does not qualify as either an offer of renewal or a notice of expiration, and we henceforth ignore it in our discussion.

renewed period. In support of this contention, plaintiff cites *State Farm Mut. Auto. Ins. Co. v. Brown* (1974) 40 Cal.App.3d 385 [115 Cal.Rptr. 213], a case apparently relied upon by the trial court. In *State Farm,* the Court of Appeal stated that an insurer was not legally entitled to payment of a renewal premium until the renewed term had commenced. (40 Cal.App.3d at pp. 396-397.) This statement was based upon Insurance Code section 480, which reads: "An insurer is entitled to payment of the premium as soon as the subject matter insured is exposed to the peril insured against." Following the *State Farm* decision, Insurance Code section 663 was repealed and reenacted. (Stats. 1974, ch. 982, §§ 6, 7.) ■ Section 663 in its present form effectively nullifies that portion of the *State Farm* decision relied upon by plaintiff, for section 663 provides in pertinent part: "An insurer shall offer renewal of a policy, contingent upon payment of premium *as stated in the offer* . . . ." (Italics added.) No such language appeared in section 663 as it read at the time *State Farm* was decided.[7] The plain meaning of the provision of section 663 quoted above is that the failure of an insured to pay a premium on or before the date specified in the renewal offer will result in termination of the policy. As a special statute dealing with a particular subject (payment of premium in connection with renewal of automobile insurance policy), section 663 takes precedence over section 480, a general statute regarding payment of insurance premiums. (See *Pacific Auto. Ins. Co. v. Wolff* (1977) 72 Cal.App.3d 537, 542 [140 Cal.Rptr. 164].)

---

[7]Prior to its repeal and reenactment in 1974, section 663 provided: "No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least 20 days' advance notice of its intention not to renew. Such notice shall contain or be accompanied by a statement that upon written request made not later than one month following the termination date of the policy of the named insured mailed or delivered to the insurer, the insurer will notify the insured in writing, within 20 days of his request, the reason or reasons for such nonrenewal; provided, however, that notwithstanding the failure of an insurer to comply with this section, the policy shall terminate on the effective date of any other replacement or succeeding automobile liability insurance policy procured by the insured, with respect to any automobile designated in both policies. This section shall not apply where the named insured has failed to discharge when due any of his obligations in connection with the payment of premiums for the policy, or the renewal thereof, or any installment payments therefor, whether payable directly to the insurer or its agent or indirectly under any premium finance plan or extension of credit. This section shall not apply in any of the following cases:

"(a) If the insurer has manifested its willingness to renew.

"(b) In case of nonpayment of premium; provided that, notwithstanding the failure of an insurer to comply with this section, the policy shall terminate on the effective date of any other insurance policy with respect to any automobile designated in both policies.

"(c) If the insured's agent or broker has secured other coverage acceptable to the insured at least 20 days prior to the anniversary date of the policy or termination of the policy period.

"Renewal of a policy shall not constitute a waiver or estoppel with respect to grounds for cancellation which existed before the effective date of such renewal."

■ To effect the renewal of an insurance policy there must be both an offer to renew and an acceptance of the offer. (*Borders* v. *Great Falls Yosemite Ins. Co.* (1977) 72 Cal.App.3d 86, 94 [140 Cal.Rptr. 83].) ■ The next question, therefore, is whether plaintiff accepted defendant's offer so as to effect a renewal of the policy on June 21, 1976, thereby keeping it in force on and beyond that date with no break in the period of coverage. Insurance Code section 663 provides that renewal of a policy is "contingent upon payment of premium as stated in the offer" to renew. Defendant offered to renew the policy for an additional six-month period commencing June 21, 1976, upon receipt of the required premium before that date. Plaintiff's check in payment of the premium was not mailed until June 22 and did not reach defendant until June 25. Thus plaintiff failed to comply with the terms of the renewal offer, and no acceptance thereof resulted. Under these circumstances, so far as indicated by the record made in the trial court, the policy expired on June 21. Moreover, the Premium Notice informed plaintiff that such would be the result if the premium were not paid by that date.[8]

The judgment is reversed.

Files, P. J., and Jefferson (Bernard), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 13, 1978.

---

[8]The Premium Notice stated in part: "In the event payment is not received by this date [June 21, 1976], your policy becomes null and void in accordance with Condition 1 of the policy insuring agreements." The condition referred to provided: ". . . this policy may be continued in force for successive policy periods by payment of the required continuation premium to the company on or before the effective date of each successive policy period. *If such premium is not paid when due, the policy shall terminate as of that date and such date will be the end of the policy period.*" (Italics added.) Thus, the Premium Notice, read in conjunction with the policy provision referred to in the notice, told the Fujimotos that their policy would terminate if the renewal premium were not paid by June 21, 1976. In this regard, the Premium Notice constituted a notice of expiration, for "expiration" means "termination of coverage by reason of the policy having reached the end of the term for which it was issued or the end of the period for which a premium has been paid." (Ins. Code, § 660, subd. (i).)