**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Counter-defendant-Appellee*,

v.

MARK J. FALCON,
*Defendant-Counter-claimant-Appellant*.

No. 13-16588

D.C. No.
4:11-cv-00006-FRZ

OPINION

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted October 23, 2015[*]
San Francisco, California

Filed November 9, 2015

Before: Michael Daly Hawkins, Barry G. Silverman, and
Morgan Christen, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Student Loans

The panel affirmed the district court's judgment in favor of the United States in the government's action to collect unpaid federally insured student loans.

The panel held that the Higher Education Technical Amendments of 1991, which eliminated all statutes of limitations on actions to recover on defaulted federally guaranteed student loans, did not violate a student loan debtor's due process rights. The panel also held that the student loan debtor failed to raise a genuine issue of material fact or a question as to liability for the amount of indebtedness alleged in the complaint.

### COUNSEL

Vincent Lee Rabago, Tucson, Arizona, for Defendant-Counter-claimant-Appellant.

John S. Leonardo, United States Attorney, Robert L. Miskell, Appellate Chief, and Denise Ann Faulk, Assistant United States Attorney, Tucson, Arizona, for Plaintiff-Counter-defendant-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PER CURIAM:

This appeal arises from the United States' action to collect unpaid federally reinsured student loans from defendant-appellant Mark J. Falcon. Falcon obtained several student loans between 1983 and 1991. Falcon then allegedly defaulted. We affirm the district court's grant of summary judgment to the United States, and its denial of Falcon's motion to alter or amend the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The material facts are not in dispute. Between 1983 and 1991, Falcon signed several promissory notes to secure guaranteed student loans, known as "Stafford Loans," totaling $47,900. On or about October 2, 1990, Falcon signed another promissory note to secure a guaranteed loan from the Higher Education Loan Plan, a so-called HELP Loan, in the amount of $4,000. The promissory notes Falcon signed in connection with his Stafford Loans and HELP Loan include promises to pay all amounts disbursed, plus interest and fees. The loan obligations evidenced by these notes were guaranteed by a guaranty agency, and the guarantor was reinsured by the U.S. Department of Education.

The government contends that Falcon defaulted on his HELP Loan in 1993 and on his Stafford Loans in 1994 and 1997. As a result of the alleged defaults, the guaranty agency paid the holders of the loans, and Department of Education reimbursed the guaranty agency under a reinsurance agreement. On May 6, 2005, the rights and title to Falcon's unpaid loans were assigned to DOE.

On January 4, 2011, the government filed this action. On its motion for summary judgment, the United States argued that Falcon owed a total of $112,563.51 on the Stafford Loans, consisting of $53,697.74 in principal and $58,865.77 in accrued interest as of October 5, 2010, and that interest continues to accrue on the principal balance at a rate of $11.76 per day. It further contended that Falcon owed a total of $10,088.21 for the HELP Loan, consisting of $4,778.74 in principal and $5,309.47 in accrued interest as of October 10, 2010, and that interest continues to accrue on the principal balance at a rate of $0.46 per day. The district court entered judgment in favor of the United States. Falcon timely moved to alter or amend the judgment under Fed. R. Civ. P. 59(e), and raised a constitutional argument that Congress' elimination of the statute of limitations for federally guaranteed student loan collection actions violates his due process rights. The district court denied Falcon's motion, and Falcon timely appealed.

## STANDARD OF REVIEW

We review de novo the district court's summary judgment, and we review the denial of a motion under Rule 59(e) for an abuse of discretion. *McCarthy v. Mayo*, 827 F.2d 1310, 1314 (9th Cir. 1987).

## DISCUSSION

The Higher Education Technical Amendments of 1991 ("HETA") eliminated all statutes of limitations on actions to recover on defaulted federally guaranteed student loans. 20 U.S.C. § 1091a(a)(2); *see also United States v. Phillips*, 20 F.3d 1005, 1007 (9th Cir. 1994) ("Congress not only eliminated [the prior] six-year statute of limitations period,

but also revived all actions which would have otherwise been time-barred.").

Falcon's primary argument is that HETA violates his due process rights because, he contends, it creates eternal indebtedness for a class of borrowers. Other circuits have held that HETA's retroactive abrogation of the statute of limitations does not violate a student loan debtor's due process rights. *See, e.g.*, *United States v. Distefano*, 279 F.3d 1241, 1244 (10th Cir. 2002); *United States v. Hodges*, 999 F.2d 341, 342 (8th Cir. 1993); *see also Campbell v. Holt*, 115 U.S. 620, 629–30 (1885) (holding that a legislature may repeal or extend a statute of limitations, without violating the Constitution, even after a right of action is barred). We join the other circuits in holding that HETA's elimination of the limitations period for actions to collect on federally guaranteed student loans does not result in a denial of due process.

Falcon relies on *Chase Securities Corp. v. Donaldson*, 325 U.S. 304 (1945) to argue that Congress' repeal of his statute of limitations defense violates federal due process because it generates oppressive effects and has created a special hardship. He acknowledges, however, that no court has found the repeal of a limitations period to work any such hardship. In *Chase Securities*, the Court rejected the notion that a change in the statute of limitations worked "special hardships" on the defendant because his "conduct would have been different if the present rule had been known and the change foreseen." *Chase Sec.*, 325 U.S. at 316. *Chase Securities* held that the existence of a legislatively provided statute of limitations, and its subsequent repeal, did not give rise to "a constitutional right against change of policy before final adjudication." *Id.*

HETA's change in law presents a weaker case for Falcon than the change at issue in *Chase Securities*. HETA did not revive an otherwise untimely action to collect as to Falcon's debt. Not only did HETA not resuscitate otherwise time-barred claims in this case, but Falcon would not have had a defense under the prior six-year statute.[1] And even if he had, congressional repeal of a statute of limitations does not violate the due process clause. *See In re Lewis*, 506 F.3d 927, 932–33 (9th Cir. 2007) (rejecting due process challenge to retroactive amendment of the Bankruptcy Code as to the dischargeability of certain student loans).

Because Falcon's constitutional challenge to summary judgment fails, we must consider whether genuine issues of material fact exist regarding the loan amounts alleged in the complaint and Falcon's default. The government established a prima facie case through certificates of indebtedness, which were signed under the penalty of perjury, showing that Falcon executed promissory notes to secure loans, defaulted on the loans, and owed the United States certain amounts after offsets from various sources. *See United States v. Petroff–Kline*, 557 F.3d 285, 290 (6th Cir. 2009). Falcon, on the other hand, failed to present testimony for consideration

---

[1] Before Congress enacted HETA, the statute of limitations for actions to recover on defaulted student loans was six years, commencing from the date on which the loan was assigned to DOE. *See* Higher Education Act of 1965 as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985, Pub. L. No. 99-272 (1986); *see also United States v. Menatos*, 925 F.2d 333, 335 (9th Cir. 1991), *superseded by statute*, HETA, Pub. L. No. 102-26, 105 Stat. 123, *as recognized in United States v. Phillips*, 20 F.3d 1005, 1007 (9th Cir. 1994). Under the prior law, the government's action would have accrued when Falcon's loans were assigned to DOE. This occurred in 2005 – less than six years before the government filed suit.

on summary judgment to refute the government's showing that it was entitled to a judgment in the amount sought. As the district court held, Falcon "failed to present sufficient evidentiary facts to raise a genuine issue of material fact or a question as to liability for the indebtedness alleged in Counts I and II of the Complaint." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)).

**AFFIRMED.**