NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-16211 |
| Plaintiff-Appellee, | D.C. No. 3:12-cv-02426-VC |
| v. | |
| DALE DOMINO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Dale Domino appeals pro se from the district court's summary judgment in the United States's action to collect unpaid federal reinsured student loans. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *United States v. Falcon*, 805 F.3d 873, 875 (9th Cir. 2015). We affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment for the United States because Domino failed to raise a genuine dispute of material fact as to his liability for the indebtedness alleged in the Certificates of Indebtedness. *See id.* at 876 (setting forth prima facie case and parties' respective burdens on summary judgment in an action brought by the United States to recover unpaid federally reinsured student loans).

The district court did not abuse its discretion by denying Domino's untimely motion for discovery because Domino failed to show what material facts would have been discovered that would have precluded summary judgment. *See Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) (setting forth standard of review and recognizing that "[t]he burden is on the nonmoving party . . . to show what material facts would be discovered that would preclude summary judgment").

We reject as without merit Domino's contentions that the district court was required to appoint counsel for his entire action because Domino did not move for appointment of new counsel after his counsel withdrew.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2