**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-16266 |
| Plaintiff-Appellee, | D.C. No. 3:11-cv-01118-LB |
| v. | |
| ROBERT MACHINSKI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding[**]

Submitted December 14, 2018[***]

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Robert Machinski appeals pro se from the district court's summary judgment

in the government's action to collect unpaid federally reinsured student loans. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *United States v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Falcon*, 805 F.3d 873, 875 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Machinski failed to raise a genuine dispute of material fact as to his student loan liability. *See id*. at 876 (setting forth prima facie case and parties' respective burdens on summary judgment in an action brought by the United States to recover unpaid federally reinsured student loans); *see also* Fed. R. Civ. P. 56(c) (setting forth evidentiary support required in opposing a motion for summary judgment); *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) (affirming summary judgment where pro se non-moving party presented no evidence creating a genuine dispute of material fact).

The district court did not abuse its discretion by considering the evidence submitted by the United States because the evidence was properly authenticated and was not precluded by the rule against hearsay. *See* Fed. R. Evid. 801(c) (defining hearsay); Fed. R. Evid. 803 (enumerating exceptions to hearsay rule); Fed. R. Evid. 901(a) (authentication requirement satisfied by "evidence sufficient to support a finding that the item is what the proponent claims it is."); Fed. R. Evid. 901(b)(1) (witness testimony satisfies authentication requirement); *see also Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002) (evidentiary rulings reviewed for abuse of discretion "even when the rulings determine the outcome of a motion for summary judgment").

17-16266

Magistrate Judge Beeler carefully and thoroughly considered each of Machinski's arguments. After her first order granting the government's motion for summary judgment, she reconsidered her initial decision and issued a second detailed order further explaining her analysis and confirming her initial decision. During this process, Machinski essentially focused on the matters he brings to us on appeal. Judge Beeler answered each of them in exquisite detail. We find her analysis and orders to be error-free and correct in every instance.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**