NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARAH AISLINN FLYNN THOMAS, | No.    20-55231 |
| Plaintiff-Appellee, | D.C. No. 3:18-cv-00728-BAS-BGS |
| v. | |
| STATE FARM LIFE INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted October 4, 2021**
Pasadena, California

Before:  MURGUIA and BADE, Circuit Judges, and MOLLOY,*** District Judge.

Defendant State Farm Life Insurance Company (State Farm) appeals the

district court's entry of summary judgment in favor of Plaintiff Sarah Aislinn

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Flynn Thomas.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

This case arises from a contract dispute brought under California law that is based on State Farm's failure to pay life insurance benefits to Thomas, the beneficiary of two life insurance policies held by her brother, James Flynn.  State Farm argues that it did not breach its contractual obligations because the policies lapsed prior to Flynn's death due to his failure to pay the premiums.

The policies did not lapse because State Farm failed to comply with two statutory provisions—sections 10113.71 and 10113.72 of the California Insurance Code.  While State Farm originally argued that these statutory provisions did not apply to the policies, it now concedes that the provisions are applicable here given the California Supreme Court's decision in *McHugh v. Protective Life Insurance Co.*, No. S259215, 2021 WL 3853061 (Cal. Aug. 30, 2021).

State Farm nevertheless maintains that Thomas is not entitled to summary judgment on her breach of contract action.  Specifically, State Farm argues that Thomas failed to establish causation because she did not offer any evidence that the policies would not have lapsed even had State Farm complied with sections 10113.71 and 10113.72.  But this evidence is not necessary for Thomas to prevail.

Sections 10113.71 and 10113.72 "create a single, unified pretermination notice scheme." *McHugh*, 2021 WL 3853061, at *14.  This scheme requires that "[n]ew and existing policy owners [] have the opportunity to designate additional

2

people to receive a notice of termination," that "policy owners and any designees []

receive notice within 30 days of a missed premium payment," and that "insurers

send notice to these parties at least 30 days prior" to "termination for

nonpayment." *See id.* (citing Cal. Ins. Code §§ 10113.71(b)(1), (3) and 10113.72).

An insurer's failure to comply with these statutory requirements means that the

policy cannot lapse. *See id.* at *13–14, 17–18.

Here, the parties stipulated that "[t]here is no known evidence that State

Farm communicated with Mr. Flynn about designating a third party to receive

notice of lapse or termination of [the policies] for nonpayment of premium or that

it gave Mr. Flynn a form to make such a designation." Because State Farm failed

to bring forward any evidence indicating that it sent Flynn notice of the right to

designate, there is no genuine dispute of fact about whether it did so. *See* Fed. R.

Civ. P. 56(c)(1), (e); *United States v. Falcon*, 805 F.3d 873, 876 (9th Cir. 2015).

Accordingly, based on this record, State Farm failed to comply with sections

10113.71 and 10113.72, which prevented the policies from lapsing. *See McHugh*,

2021 WL 3853061, at *13–14, 17–18.

Therefore, State Farm breached its contractual obligations by failing to pay

benefits to Thomas under the policies after Flynn's death. The district court

properly granted summary judgment for Thomas.

**AFFIRMED.**

3