NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELLEN LEE; CHUNG LEE,

      Plaintiffs - Appellees,

  v.

GREAT AMERICAN LIFE INSURANCE
COMPANY,

      Defendant - Appellant.

No. 24-6617

D.C. No.
5:20-cv-01133-SPG-SHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Argued and Submitted December 10, 2025
Pasadena, California

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

Defendant-Appellant Great American Life Insurance Company appeals from

the district court's certification of a class of "[a]ll living owners of Defendant's

individual life insurance policies issued in California that Defendant lapsed or

terminated for nonpayment of premium on or after January 1, 2013, without first

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

providing every notice, grace period, and offer of designation required by Insurance Code Sections 10113.71 and 10113.72." We assume the parties' familiarity with the facts and do not restate them here. We have jurisdiction pursuant to 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f).

In light of the parties' agreement that this case should be remanded following our decision in *Small v. Allianz Life Insurance Co. of North America*, 122 F.4th 1182 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2852 (2025), we reverse and remand. In their briefing, Plaintiffs ask us to "remand with directions to consider whether class certification under Rule 23(b)(2) is proper under" *Small* and our decision in *Siino v. Foresters Life Insurance and Annuity Company*, 133 F.4th 936 (9th Cir. 2025). We decline to do so. Although *Siino* suggests narrow declaratory relief is available in some circumstances, such as when a declaration may be used defensively, 133 F.4th at 946–47, Plaintiffs in this case seek to recover on a theory grounded in contract. Therefore, limiting the relief sought without narrowing the putative class does not cure the Rule 23 defects identified in *Small*. *See Small*, 122 F.4th at 1201–03; *Farley v. Lincoln Benefit Life Co.*, 150 F.4th 1197, 1204–05 (9th Cir. 2025).

**REVERSED and REMANDED.**